UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05cr00015-R

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

ODESSA FOUSE                                                                                 DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on the Defendant's appeal of her conviction and sentence entered by Magistrate Judge W. David King ("Judge King") on July 6, 2005. (Docket #5). The Plaintiff has responded to the Defendant's appeal. (Docket #6). This matter is now ripe for adjudication. For the following reasons, the Defendant's appeal is **DENIED**.

**BACKGROUND**

The Defendant, Ms. Odessa Fouse ("Fouse") was found guilty on July 6, 2005, after Judge King determined that she had stolen government property while at the Fort Campbell Post Exchange, in Fort Campbell, Kentucky. Fouse was sentenced to pay a $500.00 fine plus a $25.00 assessment fee.

On February 1, 2005, Fouse entered the main post exchange ("PX") at Fort Campbell. PX security observed Fouse at the jewelry department trying on earrings. After trying on some earrings, Fouse left the jewelry department wearing one set earrings, which she had tried on in the jewelry department, in her ears, and also had with her another set of earrings in her hand. In the shoe department, Fouse took one of the earrings of the other set in her hand and put it in her ear. As Fouse was trying to take out the second earring from her ear, the earring broke. She

went back to the jewelry department where she dropped off a mirror she had picked up there, but she held onto the earrings in her hand and the one in her ear.  After leaving the jewelry department, Fouse went to the cash register.

As Fouse approached the register, Security at PX observed that Fouse still had two earring cards in her left hand; one card had one earring (the other of the pair was still in her ear) and the other card had the set with the earring that broke.  In her left hand, Fouse also carried a brochure.  Security observed Fouse place the flyer between the two earring cards, and then they state that Fouse only presented one of the earring cards to the cashier.  Security then observed Fouse place the set not presented to the cashier in her pocket.  Fouse paid for the one (1) set of earrings, and then exited the store without paying for the second pair.  After leaving the store, Fouse was approached by PX Security and was asked to go with them to the security office.  Military Police ("MP's") were notified of the theft, and upon arriving at the security office found the earring card for the broken earring and the broken earring in Fouse's right coat pocket.

## STANDARD

Upon reviewing the appeal of a conviction, the Court reviews the sufficiency of the evidence by determining whether "any rational trier of fact could have found the essential elements of a crime beyond the reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Under Rule 29 of the Federal Rules of Criminal Procedure, an acquittal of a previous conviction must be granted if "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Davis*, 981 F.2d 906, 908 (6th Cir. 1992) *(quoting United States v. Fawaz*, 881 F.2d 259, 261 (6th Cir.1989)).  However, the Government must be given the benefit of all reasonable inferences drawn from the evidence,

including circumstantial evidence. *Davis*, 981 F.2d at 908, *citing United States v. Adamo*, 742 F.2d 927, 932 (6th Cir.1984).  In presenting a review of their conviction, "[a] defendant claiming 'insufficiency of the evidence bears a very heavy burden.' " *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir.) (*quoting United States v. Soto*, 716 F.2d 989, 991 (2d Cir.1983)).

## DISCUSSION

18 U.S.C. §641 states:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted--
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

In her appeal, Fouse asserts that the trial court lacked sufficient evidence to convict her because in her testimony she stated that she planned to return the broken earring to the cashier.  Fouse also claims that she believed the best course of action at that time was not to inform the store about the broken earring by hanging it back on the rack, but instead wanted to inform the cashier before she left.  She insists that she forgot to do so before leaving the store.

Despite her appeal, the verdict entered by Judge King should stand.  The facts indicate that Fouse had ample opportunity to return the earrings to the jewelry department when she returned the mirror to that department before going to the cashier.  At that point, until she decided to leave the store, Fouse could have easily informed the personnel inside the PX about the broken earring.  Further, the statements by the PX security officers contradict the testimony

of Fouse that she wanted to give the earrings back, and Fouse did not address their statements in her testimony or appeal. Accordingly, Fouse has not met her burden in showing that there was insufficient evidence to convict her. There was sufficient evidence that a reasonable trier of the fact could have found Fouse guilty beyond a reasonable doubt.

## CONCLUSION

For the foregoing reasons, the Defendant's appeal is **DENIED**.

An appropriate order shall issue.